NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| BRIAN BROWN, | ) |
| Petitioner, | ) No. 6:11-CV-00160-HRW |
| V. | ) |
| | ) **MEMORANDUM OPINION** |
| WARDEN IVES, | ) **AND ORDER** |
| Respondent. | ) |

\*\* \*\* \*\* \*\* \*\*

Brian Brown, confined in the Federal Correctional Institution-Beckley, located in Beaver, West Virginia ("FCI-Beckley"),[1] has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his 2010 prison disciplinary conviction and resulting sanctions.

As Brown has paid the $5.00 filing fee, the Court reviews the § 2241 petition to determine whether, from the face of the petition and any exhibits annexed to it, he is entitled to relief. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)); *see, e.g., Patton v. Fenton,* 491 F.Supp. 156,

---

[1] When Brown filed his § 2241 petition, he was confined in the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky. On March 16, 2012, Brown notified the Court that he had been transferred to FCI-Beckley. [D. E. No. 8]. According to the Bureau of Prisons' ("BOP") official website, Brown is currently confined in FCI-Beckley. *See* "Inmate Locator" feature, Brian Brown, BOP Register No. 15937-010, April 19, 2012, www.bop.gov.

158-59 (M.D. Pa.1979); *see also* 28 U.S.C. § 2243. If it appears from the face of the § 2241 petition that relief is not warranted, the Court may summarily dismiss the petition. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

For the reasons set forth below, the Court determines that because Brown is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed. The Court will also deny without prejudice other civil rights claims Brown has asserted.

## CLAIMS AND RELIEF SOUGHT

Brown alleges that his due process rights guaranteed under the Fifth Amendment of the United States Constitution were violated before and during a disciplinary proceeding which transpired at the United States Penitentiary ("USP")-Tucson in March 2010. At that hearing, Brown was convicted of violating two BOP disciplinary infractions. Brown asks that his disciplinary conviction be set aside and that he receive a new hearing.

## ALLEGATIONS OF THE PETITION

On June 14, 2009, Brown was charged with violating two BOP disciplinary

infractions,[2] (1) Code No. 297, defined as the "[u]se of the telephone for abuses other than criminal activity, (*e.g.*, circumventing telephone monitoring procedures, possession and/or use of another inmate's PIN number; third-party calling; third-party billing; using credit card numbers to place telephone calls), and (2) Code No. 328, "Giving money or anything of value to, or accepting money or anything of value from, another inmate or any other person without staff authorization." *See* Incident Report, [D. E. No. 2-2, p. 3].

The Incident Report alleged that Brown, using the prison telephone, instructed his relative to send funds which were to be deposited into the inmate account of USP-Tucson Inmate Charles Burt, BOP Register No. 16699-424. The Incident Report alleged that Brown orchestrated the transaction because he refused to participate in the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. §§ 545.10-545.11.9,[3] and thus wanted to avoid any funds being deposited into his inmate

---

[2] The various levels of BOP offenses are set forth in 28 C. F. R. § 541.3, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos.100-199; the next level of offenses ("High Category") are listed in Code Nos. 200-299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

[3] The IFRP has been described as "a work program instituted by the Bureau of Prisons to encourage each sentenced inmate to meet his or her legitimate financial obligations." *Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001) (citations omitted).

account which could be used to satisfy his financial obligations.

The Unit Disciplinary Committee ("UDC") referred the charges to the Disciplinary Hearing Officer ("DHO") for a hearing, although there was a documented delay in the UDC proceedings. [D. E. No. 2-2, p. 5]. A disciplinary hearing ensued on July 17, 2009. The disciplinary hearing officer ("DHO") found Brown guilty of committing the two offenses based on the testimony and evidence; sanctioned him on the Code No. 297 offense to disciplinary segregation for fourteen (14) days and one year's loss of phone privileges; and sanctioned him on the Code No. 328 offense to the loss of ninety days of commissary privileges. [R. 2-2, p. 10].

After Brown appealed the conviction and sanctions, the BOP Mid-Atlantic Regional Office ("MARO") ordered a new hearing. [D. E. No. 2-2, p. 16]. A second hearing transpired on March 8, 2010, but the DHO again found Brown guilty of committing the two BOP offenses and imposed the same sanctions, *i.e.*, disciplinary segregation for fourteen (14) days and one year's loss of phone privileges on the Code No. 297 offense, and ninety days' loss of commissary privileges on the Code No. 328 offense. [*Id.*].[4]

---

[4] Brown alleged in his § 2241 petition that at the rehearing, the DHO doubled the sanctions in retaliation for his having appealed the first disciplinary conviction, but as pointed out in the MARO's Response, [D. E. No. 2-2], the same sanctions imposed in the first DHO hearing were

Brown appealed. Both the BOP Mid-Atlantic Regional Office ("MARO") and the BOP Central Office affirmed the DHO's findings, stating that the disciplinary procedures had been followed; that there was "some evidence" in the record to support the DHO's findings; and that the proper sanctions had been imposed. *See* MARO Response, [D. E. No. 2-2, p. 24]; Central Office Response, [*Id.*, p. 21].

Brown alleges that the second DHO rehearing was untimely; that the DHO was impartial and biased against him because she had participated in the investigation; that the imposed sanctions were in retaliation for his successfully appealing the first DHO Report; that he did not receive a timely copy of the UDC's action upon rehearing; and that the UDC hearing was not held within the requisite time-frame.

## DISCUSSION

A prisoner's liberty interests are implicated by disciplinary decisions that result "in an atypical and significant hardship ... in relation to the ordinary incidents of prison life" or that "lead to the loss of good time credit." *Luna v. Pico*, 356 F.3d 481, 487 & n. 3 (2d Cir.2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

In its unnecessary to evaluate whether the alleged actions and/or omissions before or during the second DHO hearing violated Brown's Fifth Amendment right to due process of law because Brown did not suffer the loss of any good time credits

---

imposed in the second DHO hearing.

5

which would have affected the duration of his sentence. Brown's sanctions consisted **only** of disciplinary segregation for fourteen days and the temporary loss of phone and commissary privileges.[5] Under *Sandin*'s rationale, these sanctions, absent the loss of any good time credits, did not impose an atypical and significant hardship on Brown in relation to the ordinary incidents of prison life. *See Wilson v. Wellman*, 238 F.3d 426, 2000 WL 1829265, at *3 (6th Cir. December 6, 2000) (Table) (holding that placement in disciplinary segregation or on top-lock status did not impose an atypical and significant hardship in relation to the ordinary incidents of prison life); *Halcrombe v. Sniezek*, No. 4:07-CV-00779, 2007 WL 1875678, at *4 (N. D. Ohio, June 27, 2007) (same holding as to inmate's loss of commissary, phone and visiting privileges); *Santos v. Bureau of Prisons*, No. 1:05-CV-0008, 2006 WL 709509, at *2 (M.D. Pa. March 20, 2006) (same).

Brown alleged in a subsequent filing that unidentified USP-McCreary officials transferred him to another prison in retaliation for filing this action and to prevent him from accessing the Court; prevented him from taking his personal property with him; denied him access to his eye medication and legal materials; and either destroyed his radio, or allowed it to be destroyed. [D. E. No. 6]. These claims,

---

[5] Brown stated in his petition that he was "... re-convicted and re-sentenced to additional time. ...", [D. E. No. 2-1, p. 14], but the second DHO Report clearly refutes Brown's statement. The DHO did **not** order Brown to forfeiture any GTC in either hearing.

6

which challenge the conditions of his confinement, can not be asserted in a § 2241 habeas petition. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004).

A challenge to a condition of federal confinement can only be asserted in a civil rights action filed under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the filing fee for which is $350.00, even if the prisoner qualifies for pauper status. Prior to filing a *Bivens* action challenging condition of confinement claims, Brown must complete the BOP's three-step administrative remedy process set forth in 28 C.F.R. §§ 542.10-19. Brown's claims challenging his transfer(s) and/or the conditions of his confinement will be dismissed without prejudice to his asserting those claims a civil rights action.

Finally, Brown alleges in that submission that USP-McCreary officials lost, confiscated or destroyed his personal property in late 2011. [D. E. No. 6]. If that property is valued at less than $1,000.00, Brown may submit a claim to the Director of the BOP pursuant to 31 U.S.C. A. § 3723, ("Small Claims for Privately Owned Property Damage or Loss"). Brown must take such action within one year of the date on which his property claims accrued. § 3723(b). If the personal property at issue is worth more than $1,000.00, Brown may proceed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, which has specific fling requirements

7

In summary, because Brown did not suffer the loss of good-time credits that will inevitably affect the duration of his sentence, he had no liberty interest in due process because his punishment, including disciplinary segregation, did not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484-86; *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). For that reason, Brown's motion for extension of time[6] will be denied as moot, his § 2241 petition will be denied, and this proceeding will be dismissed with prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Brian Brown's motion for extension of time, [D. E. No. 8], is **DENIED** as **MOOT**;

(2) Brown's claims challenging his transfer(s) and/or conditions of his confinement will be dismissed without prejudice to his right to assert those claims a 28 U.S.C. § 1331 civil rights action;

(3) Brown's claims challenging the alleged loss, destruction, or confiscation of his personal property will be dismissed without prejudice to his filing a claim under either 31 U.S.C.A. § 3723 or the FTCA;

---

[6] When Brown notified the Court of his most recent change of address, he also requested an extension of time to ". . . retrieve property and access the Court." [D. E. 8, p. 3].

(4) Brown's 28 U.S.C. § 2241 petition for writ of habeas corpus, [D. E. No. 2], is **DENIED**; and

(5) This proceeding is **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 9th day of May, 2012..



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge